UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zachary Lamar Mikell, # 1278732, | ) C/A No. 2:15-2124-PMD-MGB |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Detective Cheryl Turner, # 1501, | ) |
| Defendant. | ) |

The plaintiff is a pre-trial detainee at the Charleston County Detention Center. The defendant is a detective employed by the Charleston County Police Department. In his answers on page 2 of the complaint, the plaintiff indicates that the above-captioned case concerns false arrest and malicious prosecution.

In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff alleges: (1) on June 16, 2013, the defendant interrogated the plaintiff with respect to an armed robbery (doc. 1 at 3); (2) although the victim was robbed by masked men, who were not apprehended, the defendant believed that the plaintiff had committed the crime because he had possession of stolen goods, including the victim's credit card (*id*.); (3) the plaintiff stated that he did not know the victim or have knowledge of the robbery (*id*.); (4) the defendant "grew belligerent" and, acting under color of state law, threatened to arrest the plaintiff, "who was compliant" (*id*.); (5) the defendant seized the plaintiff pursuant to a legal process not supported by probable cause, and was "very vicious, malicious, and

treacherous" in violating the plaintiff's Fourth Amendment and Fourteenth Amendment rights (*id*. at 3–4); (6) the defendant "sought for a warrant" that a reasonably-trained officer would have known was not supported by probable cause (*id*. at 4); (7) the defendant is not immune from suit for her actions (*id*.); (8) the defendant provided "misleading false information" at the plaintiff's preliminary hearing, in which neither the plaintiff nor the victim was present, and acted in bad faith (*id*.); and (9) the plaintiff has spent two years in the "Charleston County Jail" due to the defendant's incompetence, reckless disregard, and deliberate indifference (*id*.).  In his prayer for relief, the plaintiff seeks a preliminary injunction, release from the Charleston County Detention Center, termination of the defendant's employment, $10,000,000 for redress and compensation, and punitive damages (*id*. at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

A search of the Public Index database on the Charleston County Clerk of Court website (http://jcmsweb.charlestoncounty.org/PublicIndex/PISearch.aspx, last visited on May 27, 2015) reveals that the plaintiff has been indicted on various charges, as to which the defendant was the arresting or prosecuting officer.  Those charges include: armed robbery with a deadly weapon (Indictment No. 2013-GS-10-5165, Tracking No. 2013A1010203350, true billed on Sept. 10, 2013); resisting arrest (Indictment No. 2013-GS-10-5167, Tracking No. 2013A1010203351, true billed on Sept. 10, 2013); a second charge of resisting arrest (Indictment No. 2013-GS-10-5168, Tracking No. 2013A1010203352, true billed on Sept. 10, 2013); throwing bodily fluids on law enforcement or corrections officer (Indictment No. 2013-GS-10-5169, Tracking No. 2013A1010203353, true billed on Sept. 10, 2013); a second charge of throwing bodily fluids on law enforcement or corrections officer (Indictment No. 2013-GS-10-5170, Tracking No. 2013A1010203354, true billed on Sept. 10, 2013); a third charge of resisting arrest (Indictment No. 2013-GS-10-5171, Tracking No. 2013A1010203355, true billed on Sept. 10, 2013); threatening a public official (Indictment No. 2013-GS-10-5172, Tracking No. 2013A1010203359, true billed on Sept. 10, 2013); and possession of a weapon during a violent crime (Indictment No. 2013-GS-10-5206, Tracking No. 2013A1010900706, true billed on Sept. 10, 2013).

In the above-captioned civil rights action, this court may take judicial notice of the indictments in the Court of General Sessions for Charleston County.  *See Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011);

*see also In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631–33 & nn. 14–15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); and *Williams v. Long*, 585 F. Supp. 2d 679, 686–88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

As a result of the plaintiff's indictments in the Court of General Sessions, his claims of false arrest fail. A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (collecting cases). Moreover, the plaintiff has not raised a valid claim of malicious prosecution on the criminal charges because the charges have not been resolved in his favor. *See McCormick v. Wright*, Civil Action No. 2:10-0033-RBH-RSC, 2010 WL 565303, at *3 (D.S.C. Feb. 17, 2010) ("Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature.").

In this civil rights action, the plaintiff cannot obtain release from the Charleston County Detention Center. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

This federal court cannot remove the defendant from her position as a detective with the Charleston County Police Department. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White Cnty. Bridge Comm'n*, 275 F.2d 529, 535 (7th Cir. 1960).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

May 29, 2015
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).